FILED

John D. Tran (Cal Bar. No. 231761)
Hubert H. Kuo (Cal. Bar No. 204036)
ARDENT LAW GROUP, P.C.
2600 Michelson Dr., Ste. 1700
Irvine, California 92612
Telephone:  (949)863-9782
Facsimile:  (949)863-9783
Email: jtran@ardentlawgroup.com
Email: hkuo@ardentlawgroup.com

10 AUG 20  PM 3: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Attorneys for Boiling Point Corporation, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BOILING POINT CORPORATION, a California Corporation,<br><br>              Plaintiff,<br><br>        vs.<br><br>101 HOT POT CAFÉ, a California Corporation, ANDY HAO, an individual and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No.: **CV10  6249 MRP**<br>                                    (JCGx)<br><br>COMPLAINT FOR:<br><br>(1) FEDERAL TRADEMARK INFRINGEMENT 15 U.S.C. § 1114<br>(2) FALSE DESIGNATION OF ORIGIN 15 U.S.C. § 1125(a);<br>(3) TRADEMARK DILUTION 15 U.S.C. §1125(c);<br>(4) FEDERAL UNFAIR COMPETITION;<br>(5) COMMON LAW UNFAIR COMPETITION; AND<br>(6) CALIFORNIA UNFAIR COMPETITION<br><br>**DEMAND FOR JURY TRIAL** |

1

COMPLAINT

Plaintiff BOILING POINT CORPORATION, for its Complaint alleges:

## JURISDICTION AND VENUE

1.     Jurisdiction in this court arises under the federal laws arising under the Lanham Trademark Act of 1946 (as amended), 15 U.S.C. §1125, *et seq.* This Court has federal subject matter jurisdiction under the Lanham Act 15 U.S.C. § 1114, 15 U.S.C. §1125(a) and (c) proscribing false designation of origin, trademark infringement and trademark dilution.  Jurisdiction is conferred under 28 U.S.C. §§ 1331, and U.S.C. §1121.

2.     This action is also based upon state laws protecting against trademark infringement, and unfair competition and deceptive practices. This Court has jurisdiction over the state claims pursuant to 28 U.S.C. §1338(b). This Court also has jurisdiction over the state claims under 28 U.S.C. §1367(a) and the doctrine of pendent jurisdiction.

3.     The Court has personal jurisdiction over the defendants in that Plaintiff Boiling Point Corporation (hereby "BP") is informed and believes that Defendant 101 Hot Pot Café, a California Corporation and Andy Hao, an individual (herein after collectively "Defendants") are entities doing business within the State of California and this judicial district pursuant to Cal. Civ. Proc. § 410.10. Upon information and belief, Defendants maintain a business, employs personnel and does substantial business within the State of California and within this judicial district. Defendants have thereby solicited and conducted business within this judicial district

## THE PARTIES

4.     BP is a California Corporation with its principal place of business in the city of Hacienda Heights, California, County of Los Angeles, State of

2

COMPLAINT

California.

5.     Upon information and belief, at all times alleged herein, Defendant 101 Hot Pot Café is a California Corporation, with principal place of business located in the city of San Gabriel, California, County of Los Angeles, State of California.  Upon information and belief, at all times alleged herein, Defendant Andy Hao is an individual with principal place of business at 140 W. Valley Blvd., #108, San Gabriel, California, County of Los Angeles, State of California.

## FACTS

6.     Since 2004, BP has been operating a well known successful business offering restaurant services featuring individual Taiwanese hot pot soup served in a wok style or soup bowl containing a variety of meats, vegetables, and tofu, in particular stinky tofu which is unique to Taiwan.  In particular, BP operates several restaurant locations in and around the Los Angeles county areas with plans to expand to other areas in and around the Southern California.

7.     BP's restaurants are highly successful and because of the quality of its hot pot soup products, the term "STINKY STINKY WOK and/or STINKY STINKY POT" have become highly distinctive in the use of individual Taiwanese hot pot based soup services and products within the industry. Due to its heavy investment of financial resources and time, the public has come to associate the STINKY STINKY marks with the high quality products and services related to BP's restaurants.  Thus, the STINKY STINKY marks have acquired secondary meaning and a high level of distinction within the hot pot soup industry.

8.     BP is the owner of Federal Trademark Registration No. 3802381 (also referred as "BP's Trademark") on the mark 臭臭鍋 , which translates in English as "STINKY STINKY WOK" or "STINKY STINKY POT." True and correct copies of the '281 Registration is attached as Exhibit "1." Thus, BP has a presumption of validity and ownership in the above stated mark.

3

COMPLAINT

9.     In and around June 2010, BP discovered that the Defendants were operating a restaurant serving identical individual Taiwanese hot pot soup products in the Los Angeles county area.  In particular, Defendants' have been using the 昊昊鍋 mark to market its goods and services and to attract customers. Upon information and belief, Defendant has been operating its restaurant since May 2010.  A true and correct copy of Defendants' infringing activities is attached as Exhibit "2."

10.     Defendants have used the 昊昊鍋 mark in connection with Defendants' restaurant business which is in direct competition with BP because both restaurants offer the individual Taiwanese hot pot soup goods. In addition, both restaurants market in the same channels and serve the same class of purchasers. Defendants have thus used BP's trademark in its advertising for such products and services, thereby competing unfairly with BP, infringing its trademark, and improperly trading on the goodwill established by BP.

11.     Because of Defendants' infringing activities, BP has been damaged by as a result of its customers likely being confused in regards to the source of the 昊昊鍋 mark.  In addition, Defendants' use of the aforementioned trademark has and continues to dilute BP's goodwill in its products and business that it has invested significant time and resources.

12.     Upon learning of the Defendants infringing activities and as a good faith effort to resolve the matter quickly, BP forwarded Defendants a cease and desist letter on July 2, 2010 providing notice of BP's trademark rights and a request that Defendant immediately cease and desist all continued use of the 昊昊鍋 mark. A true and correct copy of the cease and desist letter is attached as Exhibit "3."

13.     However, up to the present date, Defendants have not responded to all of BP's cease and desist demands and upon information and belief, Defendants have persisted in willfully infringing BP's trademark rights by continuing to use its

4

COMPLAINT

identical mark that is likely to cause confusion in the marketplace between BP and Defendants' goods and services.

## FIRST CAUSE OF ACTION

14.   **(FEDERAL TRADEMARK INFRINGEMENT—15 U.S.C. § 1114)**

15.   BP refers to and incorporates in this Cause paragraphs 1-14 as though restated herein full.

16.   BP's United States Trademark Registration No. 3802381 for the mark 臭臭鍋 is attached as Exhibit "1," is for use with "Restaurant services featuring soup served in a wok style or soup bowl containing a variety of meats, vegetables and tofu, stinky tofu."

17.   Defendants use, sale and advertising of its identical or confusingly similar mark will likely cause confusion in the marketplace in regards to the source of the goods/services related to the 臭臭鍋 mark. Currently, Defendants use its confusingly identical mark on its restaurant sign and in numerous other mediums such as its menus, business cards and promotional ads. Attached as Exhibit "2," are examples of Defendants infringing activities.

18.   Without BP's consent, Defendants have knowingly used BP's registered trademark to intentionally trade upon BP's established goodwill and reputation, and to cause confusion, to cause mistake, and to deceive, entitling BP, pursuant to 15 U.S.C. § 1117, to recovery of (1) Defendants' profits, (2) BP's damages, including lost profits, and (3) costs of the action. BP is further entitled to trebled damages above the amount of actual damages in a sum of not more than three times the amount of actual damages. Defendants willful and egregious conduct make this case exceptional further entitling BP to an award of attorney fees.

19.   The Defendants' infringement of BP's registered trademark have also irreparably injured BP in ways that cannot be compensated by monetary means and which such injury will continue unless permanently enjoined by the Court.

## SECOND CAUSE OF ACTION

## (FALSE DESIGNATION OF ORIGIN—15 U.S.C. § 1125(a))

20.    BP refers to and incorporates in this Cause paragraphs 1-19 as though restated herein in full.

21.    Defendants have used BP's registered trademark or confusingly similar marks similar thereto, in commerce in connection with its own goods, which use is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, association or approval of such goods.

22.    By utilizing the ▆▆▆ mark in its advertising for, and in connection with its actual products, Defendants have misrepresented and falsely described to the general public the origin and the source of the products offered for sale and creates a likelihood of confusion, mistake or deception to ultimate purchasers as to the source of the products.

23.    For example, Defendant markets, conducts business, and publicly represents that the ▆▆▆ trademark is associated or connected to the Defendants' business thereby creating a false designation of origin of BP's brand of goods and services.

24.    The confusion, mistake or deception referred to herein arises out of the aforementioned acts of the Defendants and the acts of the Defendants constitute false designation of origin and unfair completion in violation of 15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act.

25.    Upon information and belief, the aforesaid acts of the Defendants were undertaken willfully with the intention of causing confusion, mistake or deception. BP is entitled, pursuant to 15 U.S.C. § 1117 to recovery of (1) Defendants' profits, (2) BP's damages, including lost profits, and (3) costs of the action. BP is further entitled to treble damages above the amount of actual damages in a sum not more than three times the amount of actual damages. Defendants' willful and egregious actions make this an exceptional case, entitling

6

COMPLAINT

BP to an award of attorney fees.

26.   By reason of the aforementioned acts by the Defendant, BP has suffered and will continue to suffer irreparable damage, in an amount not yet ascertained but in an amount to be determined, which damage will continue unless and until enjoined by Order of this Court.

## THIRD CAUSE OF ACTION

### (TRADEMARK DILUTION- 15 U.S.C§1125(c))

27.   BP repeats and re-alleges each and every allegation contained in paragraphs 1-26 as if set forth fully herein.

28.   BP's registered trademark 昊昊鍋 is distinctive, well known and famous.

29.   Defendants' are diluting the distinctiveness of BP's 昊昊鍋 mark by marketing and selling inferior goods bearing marks virtually identical or confusingly similar to BP's registered trademark.  Upon information and belief, Defendants have engaged in the conduct alleged in these claims, willfully intending to trade on BP's reputation and/or to cause dilution of the famous and distinctive 昊昊鍋 mark owned by BP.

30.   For example, Defendants markets, conducts business, and publicly represents that the 昊昊鍋 mark is associated or connected to the Defendants' business thereby creating a false designation of origin of BP's brand of goods and services.

31.   The Defendants acts violate 15 U.S.C. §1125(c).

32.   As a direct and proximate result of Defendants trademark dilution, BP has and will suffer damages to its business, reputation and good will, and the loss of royalties and profits that BP would have made but for Defendants' acts. Upon information and belief, Defendants' acts of infringement have also resulted in substantial profits for the Defendants. The amount of these damages will be proven at trial.

## FOURTH CAUSE OF ACTION
## (FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C §1125(a))

33.　BP repeats and re-alleges each and every allegation contained in paragraphs 1-32 as if set forth fully herein.

34.　Since at least May 2010, Defendants have infringed BP's trademark rights by marketing and selling goods bearing marks virtually identical or confusingly similar to the recognized and distinctive registered trademark 臭臭鍋 owned by BP.

35.　Upon information and belief, Defendants have engaged in the conduct alleged in these claims knowingly and willfully, or alternatively, did not meet their duty of reasonable care.

36.　Defendants' actions, as alleged herein, were and are likely to deceive the consuming public and therefore constitute unfair and fraudulent business practices in violation of 15 U.S.C. §1125(a).

37.　Defendants' unlawful, unfair and fraudulent business practices described above present a continuing threat to members of the public in that they are likely to be deceived as to the origin and quality of BP's products.

38.　Upon information and belief, Defendants' acts of unfair competition have resulted in substantial profits for the Defendants in an amount to be proven at trial. Defendants' acts of unfair competition have also resulted in damages to BP caused by diversion of sales, and convoyed sales to Defendants, lost royalties and other damages resulting from irreparable harm to BP's goodwill. The exact amount of damages will be proven at trial.

39.　BP has also incurred costs and attorneys' fees to bring this action.

40.　Defendants' conduct has caused and will continue to cause irreparable injury to BP unless permanently enjoined.

## FIFTH CAUSE OF ACTION
## (COMMON LAW UNFAIR COMPETITION)

8

COMPLAINT

41.     BP refers to and incorporates in this Cause paragraphs 1-40 above, as though restated herein in full.

42.     The Court has jurisdiction over this Cause pursuant to 28 U.S.C. § 1367.

43.     By Defendants' acts complained herein, the Defendants have engaged in unfair competition under the common law of the State of California.

44.     For example, Defendants market, conduct business, and publicly represent that BP's registered trademark 昊昊鍋 is associated or connected to the Defendants' business thereby creating a false designation of origin of BP's brand of goods and services and unfairly competing with BP's business.

45.     Upon information and belief, the aforesaid acts of the Defendants were undertaken willfully and with the intention of causing confusion, mistake and deception, entitling the Defendants to an award of exemplary damages and attorneys' fees.

46.     The aforesaid acts of the Defendants have caused damage to BP, in an amount not yet ascertained but in an amount to be determined.

47.     By reason of the acts of the Defendants alleged herein, BP has suffered, is suffering and will continue to suffer irreparable damage, which damage will continue unless enjoined by Order of this Court.

## SIXTH CAUSE OF ACTION
### (UNFAIR COMPETITION-Cal. Bus. Prof. & Code §17200)

48.     BP refers to and incorporates in this Cause paragraphs 1-47 above, as though restated herein in full.

49.     The Court has jurisdiction over this Cause pursuant to 28 U.S.C. § 1367.

50.     By the acts complained of herein, the Defendants have engaged in unfair competition under Section 17200 of the Business and Professions Code of

9

COMPLAINT

the State of California.

51.   Defendants' use of the infringing mark complained of herein constitutes deceptive and misleading advertising and is likely to, and is intended to, cause confusion to the purchasers and potential purchasers of the products.

52.   For example, Defendants market, conduct business, and publicly represent that the BP registered trademark 臭臭鍋 is associated or connected to the Defendants' business thereby creating a false designation of origin of BP's brand of goods and services.

53.   Upon information and belief, the aforesaid acts of the Defendants were undertaken willfully and with the intention of causing confusion, mistake and deception, entitling the Defendants to an award of exemplary damages and attorneys' fees.

54.   The aforesaid acts of the Defendants have caused damage to BP, in an amount not yet ascertained but in an amount to be determined.

55.   By reason of the acts of the Defendants alleged herein, BP has suffered injury in fact and has lost money or property as a result of Defendants' acts of unfair business practices alleged herein, is suffering and will continue to suffer irreparable damage, which damage will continue to suffer irreparable damage unless enjoined by Order of this Court.

## **RELIEF REQUESTED**

**WHEREFORE,** BP respectfully prays for judgment as follows:

## **ALL COUNTS**

1.   That Defendants' and their principals, agents, representatives, servants and employees and all persons in active concert or participation with them be enjoined and restrained:

   a.   from using BP's registered trademark 臭臭鍋 or any

10

COMPLAINT

other confusingly similar mark, in connection with the manufacture, sale, advertisement or promotion of any product or any other similar infringement of BP trademark rights, for product not originating from BP or authorized by BP.

b. from Diluting any BP Trademarks, including 臭臭鍋 mark or any other confusingly similar mark; and

c. from engaging in unfair competition by making and selling their products or otherwise using confusingly similar marks, in such a way as to misrepresent the origin of any of the Defendants' products;

d. for an order requiring Defendants to deliver up to be impounded during the pendency of this action all materials in Defendants' possession custody or control that include or incorporate products that infringe BP's trademark rights;

e. for compensatory damages in an amount to be proven at trial;

f. for all gains, profits and advantages derived by Defendants by their infringement of BP's trademark rights;

g. for punitive damages in an amount sufficient to punish Defendants for their wrongful conduct and to deter others from engaging in similar conduct in the future;

h. for statutory damages as provided by law;

i. for a permanent injunction against Defendants, preventing Defendants from any future usage of any identical or similarly confusing marks related to BP's registered trademark 臭臭鍋

2.   That the Defendants and their principals, agents, representatives, servants and employees and all persons in active concert or participation with them be ordered to recall and deliver up for destruction all products that infringe BP's

11

COMPLAINT

trademark rights.

3.     That the Court order the impounding and destruction of all equipment, design documents, computer programs, websites and/or hard drives and any and all items related to the infringing mark within the domain and control of the Defendants and their principals, agents, representatives, servants and employees and all persons in active concert or participation with them within seven days of the date of entry of any injunction order or the final judgment herein; and

4.     That the Defendant and their principals, agents, representatives, servants and employees and all persons in active concert or participation with them be ordered to engage in corrective advertising to dispel the confusion caused by Defendants' wrongful acts;

5.     That within thirty days after service of judgment with notice of entry thereof upon it, the Defendants are required to file with the Court and serve upon BP's attorneys a written report under oath setting forth in detail the manner in which the Defendant has complied with the foregoing paragraphs;

6.     That an accounting be ordered and judgment be rendered against the Defendant for all profits wrongfully derived by the Defendant by reason of their trademark infringement, false designation of origin, dilution and unfair competition.

7.     All damages adequate to compensate BP for the Defendants' acts of trademark infringement, false designation of origin, dilution and unfair competition;

8.     Enhanced damages for Defendants' willful acts and bad faith;

9.     An assessment of interest on damages so computed, including prejudgment interest;

10.    BP's costs and attorneys' fees in pursuing this action; and

11.    Such other and further relief as this Court may deem appropriate.

12.    For a judgment that the Defendant has competed unfairly with

12

COMPLAINT

BP in violation of California Common Law Unfair Competition Laws and in violation of California Business and Professions Code § 17200 *et seq.*

13. That the Defendant be enjoined from continuing to engage in the unfair and unlawful business practices alleged in this Complaint; and

14. Such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

BP hereby demands trial by jury.

Respectfully Submitted,

DATE: August 18, 2010 **ARDENT LAW GROUP, P.C.**

By *John D. Tran*

John D. Tran
Attorneys for Plaintiff
BOILING POINT CORPORATION

13
COMPLAINT

# EXHIBIT 1

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,802,381**

**Registered June 15, 2010**

**Int. Cl.: 43**

**SERVICE MARK**

**PRINCIPAL REGISTER**

BOILING POINT CORPORATION (CALIFORNIA CORPORATION)
SUITE #E
2020 HACIENDA BLVD.
HACIENDA HEIGHTS, CA 91745

FOR: RESTAURANT; RESTAURANT SERVICES FEATURING SOUP SERVED IN A WOK STYLE OR SOUP BOWL, CONTAINING A VARIETY OF MEATS, VEGETABLES AND TOFU, STINKY TOFU; RESTAURANTS, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 3-19-2004; IN COMMERCE 3-19-2004.

THE MARK CONSISTS OF CHINESE LETTERING WHICH TRANSLATES AS "STINKY STINKY WOK" OR "STINKY STINKY POT" IN ENGLISH.

THE NON-LATIN CHARACTERS IN THE MARK TRANSLITERATE TO "TSUO TSUO KUO" AND THIS MEANS "STINKY STINKY POT" OR "STINKY STINKY WOK" IN ENGLISH.

SER. NO. 77-831,589, FILED 9-21-2009.

CIMMERIAN COLEMAN, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# EXHIBIT 2






MON-SUN 11AM-11PM

TEL:626-288-7088

140 W. VALLEY BL
SAN GABRIEL CA

# EXHIBIT 3



IRVINE • LOS ANGELES • DIAMOND BAR

2600 Michelson Dr. Suite 1700, Irvine, CA 92612
OFFICE (949) 863-9782 • FAX (949) 863-9783

www.ardentlawgroup.com

July 2, 2010

Orange County Office
Direct Dial: 949-863-9782
jtran@ardentlawgroup.com

***VIA CERTIFIED MAIL***

Andy Hao
101 HOT POT CAFE
1661 Hanover Rd. #211
City of Industry, CA 91748

*Re:  Cease and Desist & Notice of Trademark Infringement re:*
       *Trademark Registration No. 3802381 臭臭鍋 (Stinky Stinky Pot/Wok)*

Dear. Mr. Hao:

Our office represents Boiling Point Corporation ("Boiling Point") in its legal affairs, including the protection and enforcement of its intellectual property.  Please note that Boiling Point is the owner of the Federal Trademark Registration No. 3802381 on the mark 臭臭鍋 (STINKY STINKY POT/WOK). Attached for your reference, as Exhibit 1, is a copy of such registration.

As early as 2004, Boiling Point has been conducting business using the 臭臭鍋 trademark in relation to its restaurant services.  Boiling Point has invested significant resources in its marks and has thus built excellent goodwill in its trademark for quality service and product.  It is our understanding that you are currently using the 臭臭鍋 mark in association with your restaurant 101 Hot Pot Café (*See Exhibit 2*). Because of the identical usage of the 臭臭鍋 mark, there exists a high likelihood of confusion that customers will be confused as to source of the good/services between the two restaurants. In particular, there is a high likelihood that the consumer will mistakenly believe your use of the 臭臭鍋 mark is somehow sponsored, affiliated or associated by our client.

Under the **Sections 1114 & 1125 of the Lanham Act**, your continued use of the 臭臭鍋 mark subjects you to liability for trademark infringement and unfair competition of our client's trademark rights.  Based upon the above facts, we hereby demand that you ***cease and desist*** any and all use of the 臭臭鍋 mark on all of your goods/services immediately, including but not limited to the removal and destruction of all signage, marketing materials (electronic or written), and goods bearing the infringing mark.

101 Hot Pot Cafe
Page 2
July 2, 1010

In light of the seriousness of this matter, you must agree in writing by **July 13, 2010** to the above demands. Should you fail to do so, Boiling Point has authorized us to enforce its rights against you for trademark infringement/unfair competition, including seeking a preliminary injunction against your company, seizure of impoundment of any infringing products and the recovery of damages, lost profits and costs, including attorney fees. Be advised that your continued use or display of the infringing 臭臭鍋 mark will be considered a willful and deliberate infringement of Boiling Point's rights.

This letter is made without prejudice to any rights or remedies that may be available to Boiling Point.

We look forward to your cooperation in this matter.

Sincerely,

**ARDENT LAW GROUP, P.C.**

John D. Tran, Esq.

JDT/jl
cc: client file

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV10- 6249 MRP (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| **312 N. Spring St., Rm. G-8** | **411 West Fourth St., Rm. 1-053** | **3470 Twelfth St., Rm. 134** |
| **Los Angeles, CA 90012** | **Santa Ana, CA 92701-4516** | **Riverside, CA 92501** |

Failure to file at the proper location will result in your documents being returned to you.

ARDENT LAW GROUP, P.C.
John D. Tran (Cal. Bar No. 231761)
Hubert H. Kuo (Cal. Bar No. 204036)
2600 Michelson Dr., Ste. 1700
Irvine, CA 92612
Tel: (949) 863-9782; Fax: (949) 863-9783

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOILING POINT CORPORATION, a California corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>101 HOT POT CAFÉ, a California corporation; ANDY HAO, an individual; and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV10 6249-MRP(JCGx)<br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>101 HOT POT CAFÉ, a California corporation; ANDY HAO, an individual;</u>
<u>and DOES 1 through 10, inclusive</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>John D. Tran, Esq.</u> , whose address is <u>2600 Michelson Dr.. Ste. 1700, Irvine, CA 92612</u> . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __**2 0 AUG 2010**__

By: _____

MARILYN DAVIS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BOILING POINT CORPORATION, a California corporation.

**DEFENDANTS**
101 HOT POT CAFÉ, a California corporation;
HAO, ANDY, an individual; and
DOES 1 through 10, inclusive.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

ARDENT LAW GROUP, P.C.,
2600 Michelson Dr., Ste. 1700, Irvine, CA 92612; Tel: (949) 863-9782
John D. Tran (Cal. Bar No. 231761), Hubert H. Kuo (Cal. Bar No. 204036)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff     ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No      ☑ **MONEY DEMANDED IN COMPLAINT: $** Permanent Injunction

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1114: Federal Trademark Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: **CV10  6249**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date August 19, 2010

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |